Stanley J. Preston (4119)
Bryan M. Scott (9381)
Brandon T. Crowther (14164)
PRESTON & SCOTT
111 S. Main, Suite 1600
Salt Lake City, UT  84111
Telephone: (801) 869-1620
Facsimile: (801) 869-1621
sjp@prestonandscott.com
bms@prestonandscott.com
btc@prestonandscott.com

*Attorneys for Defendants West Valley City,
Wayne Pyle, Buzz Nielsen, Lee Russo,
David Greco, Philip Quinlan, Michael Powell,
John Coyle and Anita Schwemmer*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHAUN COWLEY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WEST VALLEY CITY, WVC MANAGER WAYNE PYLE, FORMER POLICE CHIEF BUZZ NIELSEN, CURRENT POLICE CHIEF LEE RUSSO, WVC DETECTIVE DAVID GRECO, DEPUTY CHIEF PHILIP QUINLAN, DEPUTY CHIEF MICHAEL POWELL, LIEUTENANT JOHN COYLE, FORMER CHIEF ANITA SCHWEMMER,<br><br>　　　　　Defendants. | **REPLY TO PLAINTIFFS' OPPOSITION TO BILL OF COSTS**<br><br><br>Case No: 2:16-cv-00143<br><br><br>Judge Bruce S. Jenkins |

Pursuant to DUCivR 54-2(b), Defendants respectfully submit the following reply to

Plaintiff's Opposition to Bill of Costs, Dkt. No. 129.

Plaintiff's opposition is based on the incorrect assumption that Defendant West Valley

City (the "City") cannot obtain costs in this case, and that the City is trying to wrongfully use

other defendants to recover these costs.

First, there is no need to distinguish which of the Defendants paid which costs.  All of the Defendants jointly submitted the bill of costs, and they will be responsible for dividing costs among themselves.  Plaintiff has cited no authority that would not allow Defendants to jointly recover costs.  In fact, the principal case cited by Plaintiff makes it clear that such conduct is proper.  In *Cardozo v. Home Depot U.S.A., Inc.*, 2010 WL 2774137 (D. Kan. July 13, 2010), the court rejected a bill of costs claim, however, that was because the costs were incurred by another party, that was *not* a movant on the bill of costs.  *Id.* at *5.  Defendants are all movants on this bill of costs and are entitled to the award of costs as requested.

Second, the City is entitled to its costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure.  Plaintiff argues that the City waived its right to costs when that is clearly not the case.  At the time that the parties stipulated to dismissal of Plaintiffs' first cause of action, the Court had already granted summary judgment in Defendants' favor on Plaintiffs' second and fifth causes of action.[1]  *See* Memorandum Decision and Order Granting West Valley City Defendants' Motion for Partial Summary Judgment, Dkt. No. 118.  These claims were substantial with Plaintiff claiming millions of dollars in damages.  In contrast, Plaintiff's first cause of action was seeking a mere $1,250 in damages.  Accordingly, once Plaintiff's substantial claims were out, the parties resolved the remaining claim, and agreed that they would pay their own fees and costs *with respect to this claim*.  Given the relatively insignificant role that the first cause of action played, these costs were negligible and were not incurred separately from the

---

[1] The Court had also dismissed three other claims against Defendants early in the case.  *See* Order Granting the West Valley City Defendants' Motion to Dismiss, Dkt. No. 36.

costs for the causes of action where Defendants prevailed.  Defendants are the prevailing party here and are entitled to their costs.

The fact that the stipulation regarding fees and costs only referred to the first cause of action should be undisputed.  Plaintiff has now appealed the Court's summary judgment order and intends to continue to litigate these claims.  They were not resolved by the parties' stipulation, just as the fees and costs related to these claims have not been resolved.  Further, Plaintiff would likely reverse his interpretation of the dismissal if he realized the implications of his position.  Plaintiffs' argument is that the parties have fully settled *all* fees and costs in this case, and if true, Plaintiff would be unable to obtain an award of attorneys' fees if he is somehow ultimately successful on his claims.

Finally, Plaintiff argues that the court should take into account his limited ability to pay fees.  However, Plaintiff has provided no evidence that he is unable to pay Defendants' costs.  In fact, all he has done is cite to his prior bankruptcy case, which was dismissed on November 29, 2017 for non-compliance with the Court's order.  *See* Case No. 17-25442, United States Bankruptcy Court, State of Utah.  Even then, Plaintiff's bankruptcy was a Chapter 13 bankruptcy, rather than a Chapter 7 bankruptcy, which means that Plaintiff represented that he is an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan."  11 U.S.C. § 101(30).  Plaintiff also appears to have some financial resources as he continues to pursue his claims on appeal, incurring costs and forcing Defendants to incur further attorneys' fees and costs.  Accordingly, based on the lack of evidence that Plaintiff has as limited ability to pay costs, there is no basis for reducing the amount of costs that Defendants are entitled to receive.

Accordingly, costs should be properly taxed against Plaintiff and in favor of Defendants in the amount of $10,542.11

DATED this 4th day of May, 2018.

PRESTON & SCOTT

By: ____/s/ Stanley J. Preston_____
       Stanley J. Preston
       Bryan M. Scott
       Brandon T. Crowther
       *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2018, I electronically filed the foregoing

**REPLY TO PLAINTIFFS' OPPOSITION TO BILL OF COSTS** with the Clerk of Court

using the CM/ECF system, which sent notification of such filing to the following:

> Tyler B. Ayres
> Daniel M. Baczynski
> AYRES LAW FIRM
> 12339 S. 800 E., Suite 101
> Draper, UT 84020
>
> Lindsay Jarvis
> JARVIS & ASSOCIATES, LLC
> 9137 Monroe Plaza Way, Ste A
> Sandy, UT 84070
> *Attorneys for Plaintiff*

_____ /s/ Brandon T. Crowther _____